**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**CHARLES F. GONZALEZ, JR.,**

**Plaintiff,**

**v.**

**BERGEN COUNTY TECHNICAL SCHOOL, *et al.*,**

**Defendants.**

Civ. No. 2:12-cv-00615 (WJM)

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Charles F. Gonzalez, Jr. brings this action against Bergen County Technical School, Jim Black, Tammy Molinelli, Howard Lerner, and Tara Bohan (collectively "Defendants"). This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

In the Complaint, Plaintiff alleges that, on or about June 9, 2011, Defendants engaged in discriminatory acts. Compl. ¶ 5, ECF No. 1. Plaintiff alleges that his employment was terminated and that he was subject to harassment and retaliation because he was a whistleblower. Compl. ¶ 9. He alleges that he was the subject of discrimination based on sex and national origin. Compl. ¶ 10. And he asserts claims for Equal Pay Act violations and County Local Finance Board violations. *Id.*

Six days after filing the Complaint, Plaintiff filed an additional document, which appears to be related to the Complaint. *See* ECF No. 3. The Court will construe this document as being part of the Complaint for purposes of this motion. In the additional document, Plaintiff states that he was a school district employee. *Id.* at 1. He alleges that he was treated "differently than his white female coworkers." *Id.* at 2. He alleges that "WIB Chairman Jim Black" made "inflammatory remarks" and "derogatory comments" to Plaintiff, and that Black sent Plaintiff "harassing, hostile and retaliatory emails." *Id.* at 2-3. Plaintiff also alleges that Black once used the phrase "you people." *Id.* at 3.

Plaintiff states that he was laid off, and that the school district "posted a job opening 4 months later that plaintiff was qualified for at a lesser salary." *Id.* at 4. Plaintiff states that the "[o]pen position was then offered to a significantly less qualified laid off white female employee from the same office on the basis of seniority." *Id.* Finally, Plaintiff states that "another white [woman] in the WIB office was offered a less paying position [sic] within the School District to avoid being laid off." *Id.*

On December 12, 2011, the U.S. Equal Employment Opportunity Commission ("EEOC") investigated Plaintiff's claims and found that it was "unable to conclude that the information obtained establishes violations of the statutes." Compl. Ex. 1, ECF No. 1-1. The EEOC issued a Right to Sue letter, and Plaintiff filed this action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 129 S.Ct. at 1949 (2009).

As a general rule, in considering a motion to dismiss, the court relies only on the complaint and the attachments to the complaint; the court may not consider documents that were not part of the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

## III. DISCUSSION

Reading the Complaint in the light most favorable to Plaintiff, the Complaint appears to assert claims for (1) discrimination under Title VII, (2) retaliation under Title VII, (3) Equal Pay Act violations, and (4) County Local Finance Board violations. Defendants have moved to dismiss the Complaint in its entirety. The Court finds that the motion to dismiss should be granted.

Plaintiff has failed to plead a Title VII discrimination claim. Under Title VII, it is unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie case for discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he is qualified for the position; (3) he suffered an adverse employment action despite being qualified; and (4) the action occurred under circumstances giving rise to an inference of unlawful discrimination, such as when non-members of the protected class are treated more favorably than the plaintiff. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

In this case, Plaintiff failed to allege any specific facts that would support a prima facie discrimination claim. Plaintiff does not allege that he was a member of a protected class, and does not even identify his national origin (or, for that matter, his sex). He does not allege any facts showing that he was qualified for his position. He does not allege that non-members of a protected class were treated more favorably: instead, the Complaint states that Plaintiff's old job was offered to another person based on seniority, not based on sex or national origin. Finally, Plaintiff does not allege any facts that would give rise to an inference of unlawful discrimination. He makes no allegations whatsoever about Defendants Molinelli, Lerner, or Bohan. He asserts that Black made inflammatory remarks, but he does not specify what Black actually said.[1] These allegations are not enough to raise Plaintiff's right to relief above a speculative level.[2]

Plaintiff has also failed to plead a Title VII retaliation claim. Title VII contains an anti-retaliation provision, which provides that it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any

[1] Plaintiff does state that Black used the phrase "you people" (ECF No. 3, ¶ 8), but the Complaint provides absolutely no context for that remark.

[2] Plaintiff's briefing for the motion to dismiss included a host of new factual allegations that were not included in the Complaint, and Plaintiff attached more than 100 pages of additional documents to his opposition and sur-reply briefs. However, the Court cannot consider these allegations or documents because they were not part of the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 287 (3d Cir. 2010). In this case, Plaintiff wholly failed to allege that he engaged in a protected activity, and failed to allege that there was any connection between a protected activity and an adverse employment action.

Finally, Plaintiff has failed to plead Equal Pay Act or County Local Finance Board violations. The Equal Pay Act requires proof that employees of different sexes are given different rates of pay for "substantially equal" work. *Shultz v. Wheaton Glass Co.*, 421 F.2d 259, 265 (3d Cir. 1970); 29 U.S.C. § 206(d). Plaintiff failed to make any allegations that he was paid less than similarly situated white, female employees. In fact, the allegations in the Complaint suggest that Plaintiff's coworkers in the school district were also laid off or forced to take pay cuts. Plaintiff failed to identify any specific County Local Finance Board violations and did not explain how those violations would give rise to a cause of action.

Accordingly, Defendants' motion to dismiss is **GRANTED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff will have 60 days to file an Amended Complaint. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 4, 2013**