UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES F. GONZALEZ, JR.,**<br><br>Plaintiff,<br><br>v.<br><br>**BERGEN COUNTY TECHNICAL SCHOOLS, et al.,**<br><br>Defendants. | Civ. No. 2:12-00615(WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Charles F. Gonzalez, Jr. ("Plaintiff") brings this action against Bergen County Technical Schools ("BCTS"), James Black, Tammy Molinelli, Howard Lerner, and Tara Bohan (collectively, "Defendants") alleging harassment, discrimination, and retaliation. This matter comes before the Court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). Additionally, Plaintiff has filed a motion to disqualify Ms. Anna Maria Tejada as Defendants' counsel. For the reasons set forth below, Defendants' motion to dismiss is partially **GRANTED** and partially **DENIED**, and Plaintiff's motion to disqualify is **DENIED**.

**I. BACKGROUND**

Plaintiff alleges that his former employer, BCTS, discriminated against him because of his Puerto Rican/Dominican descent. Am. Compl. p. 2, ECF No. 30. Specifically, Plaintiff alleges that Defendants applied their "standing leave policies" differently to him than to his white female co-workers. *Id.* Plaintiff filed a report with the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discrimination. *Id.* p. 3. Plaintiff alleges that, in retaliation for filing that report, he was "harassed, demoted, transferred and ultimately terminated," and that his position was subsequently filled by a white female employee at a higher salary. *Id.* p. 2-3. Ultimately, Plaintiff's Amended Complaint asserts violations of "Local Bergen County Finance Laws, NJ School Board Ethics Laws, [*sic*] Federal Equal Employment Opportunity Commission Laws[,] and Federal Conscientious Employee Protection Act laws" in

1

connection with Plaintiff's alleged wrongful termination. *Id.*

On February 1, 2012, Plaintiff filed his Complaint in this Court. On June 5, 2013, the Court dismissed the Complaint without prejudice under Federal Rule of Civil Procedure 12(b)(6). Plaintiff submitted an Amended Complaint on August 1, 2013. On September 3, 2013, Defendants filed the instant Motion to Dismiss Plaintiff's Amended Complaint.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, where the plaintiff is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.*

## III.  DISCUSSION

Reading the Complaint in the light most favorable to Plaintiff, the Complaint appears to assert claims for (1) discrimination under Title VII, (2) retaliation under Title VII and the New Jersey Conscientious Employee Protection Act ("CEPA"), (3) County Local Finance Board violations, and (4) violations of the New Jersey School Ethics Act.

Under Title VII it is unlawful to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions,

or privileges of employment, because of such individual's race, color, religion, sex, or national origin…." 42 U.S.C.A. § 2000e-2.  To make a prima facie showing of racial discrimination under Title VII, Plaintiff must prove that he: (1) is a member of a protected class; (2) was qualified from the job which he was removed from; (3) suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of unlawful discrimination, such as when non-members of the protected class are treated more favorably than the plaintiff.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, (1973); *Sarullo v. United States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).  The plaintiff bears the burden of establishing a prima facie case of discrimination.  To establish a prima facie case, the plaintiff must demonstrate that, in the absence of an explanation, his employer's actions necessitate the conclusion that they were discriminatory.  *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

Here, Plaintiff sufficiently alleges the elements Title VII discrimination claim against BCTS.  *See Twombly*, 550 U.S. at 555.  The Complaint states that he is of Puerto Rican/Dominican descent, and therefore of a protected class, and includes facts showing he was qualified for his position at BCTS.  It further alleges that BCTS treated his leave requests differently than those of his white female co-workers, and that he was terminated for complaining about this discriminatory treatment.  *See Hicks*, 509 U.S. at 508; *see also* Am. Compl. p. 2-3.  Finally, Plaintiff alleges that his position was subsequently given to a white woman at a higher salary, a circumstance giving rise to an inference of unlawful discrimination.  Am. Compl. p. 3.  Therefore, the Court will not dismiss this claim.

The Complaint also states claims for retaliation under Title VII and CEPA against BCTS.  Title VII contains an anti-retaliation provision, which provides that it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).  To establish a prima facie case of retaliation under Title VII, a plaintiff must show: (1) that he engaged in a protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action.  *Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 287 (3d Cir. 2010).  Similarly, to state a retaliation claim under CEPA, a plaintiff must allege: (1) a reasonable belief that his employer's conduct violated a law, rule, or regulation; (2) a whistle-blowing activity; (3) an adverse employment action; and (4) a causal connection between his whistle-blowing activity and the adverse employment action.  *Caver v. City of Trenton*, 420 F.3d 243, 254 (3d Cir. 2005).  Here, Plaintiff alleges that he was terminated for filing a complaint with the EEOC regarding BCTS's discriminatory leave policies.  *See* Am. Compl. p. 3.  These allegations are sufficient to survive a motion to dismiss.

However, Plaintiff's other causes of action fail to state a claim.  While Plaintiff alleges the Defendants' violated "Local Bergen County Finance Laws," he fails to identify any specific County Local Finance Board violations and did not explain how

3

those violations would give rise to a cause of action.  Additionally, any alleged violation of the New Jersey School Ethics Act must comport with the administrative procedures required by that Act.  *See* N.J. Stat. Ann. § 18A:12-29; *see also Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).  Finally, although Plaintiff has named James Black, Tammy Molineli, Howard Lerner, and Tara Bohan as Defendants in this matter, he has failed to state a single cause of action against any of these individuals or provide any factual basis that would connect them to the claims alleged.  Therefore, the Court will grant Defendants' motion to dismiss those claims.

Finally, the Court will deny Plaintiff's motion to disqualify counsel.  On November 19, 2013, Ms. Tejada filed a Notice of Appearance on behalf of Defendants.  ECF No. 37.  Plaintiff then moved to disqualify Ms. Tejada from acting as counsel.  ECF No. 38.

When making a motion to disqualify counsel, the "party seeking to disqualify counsel carries a heavy burden and must satisfy a high standard of proof." *Essex Chem. Corp. v. Hartford Accident & Indem. Co.,* 993 F. Supp. 241, 246 (D.N.J. 1998).  "Motions to disqualify are viewed with disfavor as disqualification is a drastic remedy with often far-reaching, sometimes devastating implications."  *Id*.  Accordingly, courts should "hesitate to impose [disqualification] except when absolutely necessary." *Carlyle Towers Condo. Ass'n, Inc, v. Crossland Savings*, *FBS*, 944 F. Supp. 341, 345 (D.N.J. 1996).  Therefore, in determining whether to disqualify counsel, a court must closely and carefully scrutinize the facts of each case to prevent unjust results.  *See Montgomery Acad. v. Kohn,* 50 F. Supp. 2d 344, 349 (D.N.J. 1999).

Plaintiff has submitted a certification stating that he was referred to Ms. Tejada by a mutual acquaintance and that, after speaking with him about his case, Ms. Tejada advised Plaintiff to seek counsel outside Bergen County.  Certification of Charles F. Gonzalez, Jr. ("Gonzalez Cert.") ¶¶ 3-5, ECF. No. 39.  On the other hand, Ms. Tejada has certified that, prior to the commencement of this lawsuit, she had never spoken with, advised, or transacted with Plaintiff in any capacity.  Certification of Anna Maria Tejada, Esq. ¶ 4, ECF No. 39.  While Plaintiff has submitted various documents "for the court's perusal" regarding several law firms where he had either received counsel or attempted to receive counsel, none of those documents provide confirmation of any relationship or contact with Ms. Tejada.  Further, Plaintiff has provided nothing indicating that he ever engaged Ms. Tejeda as his counsel.  In fact, Plaintiff's certification states that Ms. Tejada told Plaintiff that she could not represent him, because her firm works with Bergan County.  Gonzalez Cert. ¶ 6.  Thus, Plaintiff has failed to provide sufficient evidence of a relationship with Ms. Tejada or any alternative basis that would require the Court disqualify her as Defendants' counsel, and the Court will deny his motion.

4

### IV.     CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is partially **GRANTED** and partially **DENIED**.  The motion to dismiss is denied with respect to Plaintiff's claims against BCTS alleging discrimination under Title VII and retaliation under Title VII and CEPA.  The motion to dismiss is granted with respect to Plaintiff's claims alleging County Local Finance Board and New Jersey School Ethics Act violations, as well as all claims against James Black, Tammy Molinelli, Howard Lerner, and Tara Bohan.  Those claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's motion to disqualify is **DENIED**.  The Court shall grant Plaintiff thirty days to file a Second Amended Complaint consistent with this Opinion.  An appropriate order follows.


　　　　　　　　　　　　　　　　　　　　 /s/ William J. Martini
　　　　　　　　　　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**


**Date: April 11, 2014**